UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLEMAN ROYER

    Plaintiff,

v.

VALERIE WHITE, individually

    Defendant.

Case
Hon.

---

JAMES J. HARRINGTON, IV (P65351)
MILICA FILIPOVIC (P80189)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiff
19390 West Ten Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555/ F: (248) 355-5148
m.filipovic@fiegerlaw.com

## COMPLAINT

NOW COMES Plaintiff, COLEMAN ROYER, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for his Complaint against Defendant, VALERIE WHITE, states as follows:

### PARTIES AND JURISDICTION

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983 and 1988, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution against Defendants VALERIE WHITE, in her individual capacity, and

BRANCH COUNTY PROSECUTOR'S OFFICE, a municipal corporation.

2. Upon information and belief, at all times relevant hereto, Defendant, VALERIE WHITE, ["hereinafter WHITE"], was a citizen of the State of Michigan and the United States of America.

3. At all pertinent times, WHITE was acting under the color of state law within the course and scope of her employment as a prosecutor with the BRANCH COUNTY PROSECUTOR'S OFFICE. She is named in this action in her individual capacity.

4. At all times relevant hereto, Defendant WHITE, was the Assistant Prosecuting Attorney for BRANCH COUNTY PROSECUTOR'S OFFICE, which was and is a municipal corporation, duly organized and carrying on governmental functions, including the supervision of Defendant VALERIE WHITE, in the City of Coldwater, County of Branch, State of Michigan.

5. The amount in controversy greatly exceeds Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest, and attorney fees.

6. Venue and Jurisdiction are properly vested in this court.

## FACTUAL ALLEGATIONS

7. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of his Complaint as if fully set forth herein.

8. At all times relevant hereto, on February 12, 2019, Plaintiff, COLEMAN ROYER, was the father of a five-month-old daughter.

9. At all times relevant hereto, Plaintiff, COLEMAN ROYER, was at home with his infant daughter and was playing an online videogame while his daughter rested in a baby-swing.

10. At all times relevant hereto, Plaintiff, COLEMAN ROYER, went to use the restroom momentarily, and while in the bathroom, he heard a thud.

11. At all times relevant hereto, after exiting the bathroom, Plaintiff found the infant lying on the ground, after apparently falling out of the swing. Although the infant was crying, Plaintiff was able to console her.

12. At all times relevant hereto, when the infant's mother, Ashley King, returned to the home, Plaintiff, COLEMAN ROYER, left the home to play basketball. Plaintiff's infant daughter was seemingly okay, when he left the home.

13. At all times relevant hereto, upon returning to the home several hours later, Plaintiff noticed that his infant daughter was barely breathing and was limp and unresponsive.

14. Plaintiff and the infant's mother immediately took her to the emergency room at Promedica Coldwater Regional Hospital, and she was then transferred to Parkview Hospital.

15. At all times relevant hereto, due to the high level of care that was required for Plaintiff's infant daughter, she was transferred from Parkview Hospital to University of Michigan C.S. Mott Children's Hospital, where she was placed on life support.

16. On February 14, 2019, Plaintiff's infant daughter was taken off of life support and subsequently passed away.

17. Upon information and belief, a determination was made that Plaintiff's infant daughter had sustained a brain bleed, and that such an injury could not have occurred by falling out of a swing.

18. Upon information and belief, a determination was made that the brain bleed had been a few hours, which was not commenced at the time that Plaintiff was at home with the infant.

19. Upon information and belief, the Coldwater Police Department began an investigation into the death of Plaintiff's infant child, subsequently following her death.

20. At all times relevant hereto, Ashley King, Plaintiff's girlfriend at the time and the mother of Plaintiff's five-month-old infant, was interviewed by Cold Water Police on February 16, 2019, and again on February 22, 2019.

21. Upon information and belief, and at all times relevant hereto, Ms. King made several statements that she was responsible for the death of their infant daughter.

22. Upon information and belief, and at all times relevant hereto, Ms. King submitted to a polygraph test, and a determination was made that she had not been truthful.

23. At all times relevant hereto, Defendant WHITE, knew that Ms. King had been untruthful in her polygraph statements.

24. At all times relevant hereto, Defendant WHITE knew that Ms. King had made various admissions regarding her culpability of harming Plaintiff's infant daughter.

25. At all times relevant hereto, Plaintiff, COLEMAN ROYER, submitted to two separate lie detector tests.

26. At all times relevant hereto, Plaintiff COLEMAN ROYER, unequivocally **DENIED** any wrongdoing or causing harm to his five-month-old infant daughter.

27. At all times relevant hereto, and upon information and belief, Plaintiff COLEMAN ROYER, was determined to have made truthful statements during his polygraph examination in which he denied any wrongdoing or causing any harm to his infant daughter.

28. At all times relevant hereto, Plaintiff, COLEMAN ROYER, maintained his innocence, and unequivocally denied any wrongdoing and/or involvement in the death of his five-month-old daughter.

29. At all times relevant hereto, Defendant WHITE, knew Plaintiff COLEMAN ROYER, maintained his innocence and that he was truthful in his polygraph tests.

30. As a result of the investigation of Plaintiff, a termination of parental rights of Plaintiff was filed on behalf of his three-year-old daughter, and he was subjected to supervised visitation with his other child due the serious nature of the death of his five-month-old daughter.

31. On October 22, 2019, acting prosecutor VALERIE WHITE, authorized a warrant for Plaintiff, COLEMAN ROYER's Arrest.

32. On October 23, 2019, acting prosecutor VALERIE WHITE, filed the Felony Complaint for (1) Homicide-Felony Murder; (2) First Degree Child Abuse; and (3) Second-Degree Child Abuse, in connection with the death of his infant daughter.

33. In the October 23, 2019, Felony Complaint, Defendant VALERIE WHITE alleged that Plaintiff:

> "Did in the perpetration or attempted perpetration of child abuse in the first degree, murder one LUNA ROYER; contrary to MCL 750.316(1)(b).

Did knowingly or intentionally cause serious physical harm to a child; contrary to MCL 750.136b(2);

Did knowingly or intentionally commit an act likely to cause serious physical or mental harm to a child; contrary to MCL 750.136b(3)-(4).

34. Plaintiff, COLEMAN ROYER, voluntarily surrendered to authorities in October of 2019, and maintained his innocence.

35. On December 4, 2019, Plaintiff's criminal case was bound over to Branch County Circuit Court.

36. Plaintiff, COLEMAN ROYER, was denied bond at the time of his arrest and spent three months in jail until he was ultimately released in January of 2020 on bond.

37. The entirety of his incarceration, Plaintiff, COLEMAN ROYER, was required to be held in solitary confinement out of concerns for his safety, due to being labeled a "baby killer."

38. In January of 2020, Plaintiff was released from jail, and charges remained pending.

39. Upon information and belief, Defendant VALERIE WHITE was relieved of her duties as assistant prosecutor for BRANCH COUNTY PROSECUTOR'S OFFICE on May 28, 2021.

40. Upon information and belief, the Branch County Prosecutor's Office dismissed all charges in the Plaintiff's case on November 15, 2022.

41. Upon information and belief, and at all times relevant hereto, the decision to dismiss charges was made after hundreds of hours of reviewing the file maintained by the prior prosecutor.

42. Upon information and belief, the extensive review of the file included review of the scientific/medical evidence gathered in the case, various witness statements, and digital evidence obtained.

43. Upon information and belief, charges were dismissed in part against Plaintiff ROYER, based on consideration that another person may be at fault for the death of the infant child.

44. At all times relevant hereto, the facts and evidence reviewed at the time of the dismissal was available to Defendant WHITE.

45. At all times relevant hereto, Defendant WHITE, maintained the prosecution of Plaintiff COLEMAN ROYER, knowing that another person was likely at fault for the death of the infant child.

46. Long before October 23, 2019, it was clearly established under Michigan and federal law that an individual's mere presence at a crime scene was insufficient, without more, to establish probable cause for an arrest. *People v. Olszewski*, 119 Mich.App. 455, 459; 326 N.W.2d 394 (1982); *Harris v. Bornhorst,* 513 F.3d 503, 515 (6th Cir. 2008), *cert. denied* 554 U.S. 903; 128 S.Ct. 2938; 171

L.Ed.2d 865 (2008) ("[I]t is well established that an individual's mere presence at a crime scene does not constitute probable cause for an arrest").

47.  Defendant WHITE knew her decision to authorize a warrant ran afoul of the United States Supreme Court's recognition of the *"fundamental value determination of our society that is far worse to convict an innocent man than to let a guilty man go free."* In re Winship, 397 U.S. 358, 372; 90 S.Ct. 1068, 1077; 25 L.Ed.2d 368 (1970) (Harlan, J., concurring). See also T. Starkie, Evidence 956 (1824) *("The maxim of the law is . . . that it is better that ninety-nine . . . offenders should escape, than one innocent man should be condemned")*.

**COUNT I**
**42 USC § 1983**
**MALICIOUS PROSECUTION IN VIOLATON OF THE FOURTH AMENDMENT**

48.  Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

49.  Had there been an actual case or controversy, Plaintiff, COLEMAN ROYER, would have been required to be provided with due process of law.

50.  The Fourth Amendment to the United States Constitution guarantees that a person will not be subjected to unreasonable searches and seizures.

51.  The Fifth and Fourteenth Amendments to the United States Constitution guarantee that no person will be compelled to be a witness against themselves nor be deprived of their liberty without due process of law.

52. Defendant WHITE, violated COLEMAN ROYER's constitutionally-protected rights, including his right to liberty protected by the Due Process clause of the Fifth Amendment, as applicable to the states through the Fourteenth Amendment to the United States Constitution.

53. Defendant WHITE, influenced or deliberately participated in the initiation of criminal prosecution when she deliberately and knowingly filed charges against Plaintiff without probable cause. Such conduct constitutes a claim of federal "malicious prosecution" under the Fourth Amendment.

54. The constitutional tort of malicious prosecution was described in a historical sense by the United States Supreme Court in *Thompson v. Clark*, 596 U.S. 36; 43 142 S.Ct. 1332, 1338 (2022) (citations omitted): "the malicious prosecution tort generally allowed recovery against an individual who had initiated or caused the initiation of criminal proceedings despite having 'no good reason to believe' that criminal charges 'were justified by the facts and the law.'"

55. Historically, "[t]he malicious prosecution tort protected against 'injury to the person, as connected with false imprisonment' and against 'a wrong to character or reputation'" *Id.*

56. Defendant white falsely imprisoned Plaintiff ROYER, and publicly impugned his character and damaged his reputation, when she knowingly had no good reason to believe that charges were justified by the facts and the law.

57. The criminal complaint alleging charges of murder and child abuse terminated in Plaintiff's favor when the BRANCH COUNTY PROSECUTOR's OFFICE dropped all charges and entered *nolle prosequi* on November 15, 2022.

58. The charges that were initiated and continued against Plaintiff ROYER by Defendant WHITE, were initiated and continued with malice or a primary purpose other than that of bringing an offender to justice, particularly when all charges were subsequently dropped after she was relieved of duty on the basis that evidence did not support such charges.

59. Plaintiff, COLEMAN ROYER's right not to be seized and detained without probable cause, guaranteed by the Fourth Amendment, was clearly established before October 23, 2019.

60. As a direct and proximate result of the Defendant's willful violations of his constitutionally-protected rights, Plaintiff was detained without probable cause, charged with a crime he did not commit, forced in solitary confinement during his three-month incarceration, forced to incur over $200,000.00 in legal fees, and deprived of his liberty as set forth above.

61. Plaintiff, COLEMAN ROYER, suffered injuries and damages as a result of the unlawful taking, seizure, detention, arrest, imprisonment, and malicious prosecution that include, but is not limited to, the following:

    a. Three months in solitary confinement;

    b. Deprivation of his liberty;

    c. Deprivation of his freedom and denial of social pleasures;

    d. Humiliation, embarrassment, mortification;

    e. Slander and/or libel;

    f. Severe emotional distress

    g. Wage loss and/or loss of earning capacity;

    h. Other incidental and compensatory expenses that are yet to be determined;

    i. Exemplary damages;

    j. Punitive damages;

    k. 42 U.S.C. § 1988 damages; and

    l. Any other damages determined through the course of discovery.

62. The actions of Defendant, WHITE, were extreme and outrageous and calculated for the purpose of inflicting fear and severe emotional distress.

WHEREFORE, Plaintiff, COLEMAN ROYER, respectfully requests Judgment in his favor against Defendants, in an amount deemed fair and just and in excess of seventy-five thousand dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## UNLAWFUL ARREST AND INCARCERATION IN VIOLATION OF THE FOURTH AMENDMENT

63. Plaintiff hereby re-alleges and incorporates individually, every numbered allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

64. Plaintiff had clearly established right to liberty protected by the Fourth Amendment to the United States Constitution to be free from an unlawful seizure, arrest, and incarceration.

65. A plaintiff has a cause of action for violation of the right to be free from an unlawful seizure pursuant to 42 U.S.C. §1983.

66. A seizure occurs when there is governmental termination of freedom of movement by means of physical force or show of authority.

67. It is clearly established that an arrest without probable cause violates the Fourth Amendment.

68. Plaintiff, ROYER, committed no offense.

69. There were no facts that would have led a reasonably prudent person to believe that Plaintiff had committed an offense punishable by arrest, handcuffing, and incarceration when the very facts upon which he was arrested, handcuffed and incarcerated were the same facts that existed when charges were dismissed.

70. Nevertheless, Defendant WHITE, appearing to Plaintiff to be acting under color of law, violated his constitutional rights when she unlawfully ordered officers to seize, arrest, handcuff, and detain Plaintiff, restricting his freedom for over three months, without probable cause to believe that an offense occurred.

71. Plaintiff was ultimately released without charges because he had not committed a crime, facts and evidence were insufficient to establish that he had committed a crime, and the facts and evidence that did exist, suggested that another person was responsible for committing of that crime.

72. As a direct and proximate result of being handcuffed, arrested, imprisoned, held in solitary confinement, and cast in a false light, Plaintiff did suffer to wit:

   a. Severe emotional pain and suffering,

   b. Mental anguish,

   c. Severe emotional distress,

   d. Fright and shock,

   e. Denial of social pleasures, and

   f. Humiliation and mortification.

73. Plaintiff is entitled to be compensated for his injuries in the form of monetary damages, that include but are not necessarily limited to:

    a. Compensation for past, present and future pain and suffering, mental anguish, emotional distress, fright and shock, denial of social pleasures, and humiliation and mortification,

    b. Compensation for medical expenses including psychological and psychiatric treatment; past, present, and future,

    c. Exemplary damages,

    d. Costs, interest, and attorney fees,

    e. Expert witness fees, and,

    f. Any other forms of costs or damages allowed at common law, or federal law, including 42 U.S.C. §1988, and

    g. Compensation for any additional injuries or damages that become known throughout the course of this lawsuit.

74. Furthermore, the actions of Defendant WHITE were extreme and outrageous and calculated for the purpose of inflicting fear and severe emotional distress, warranting an award of punitive damages pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, COLEMAN ROYER, respectfully requests Judgment in his favor against Defendants, in an amount deemed fair and just and in excess of seventy-five thousand dollars ($25,000.00) exclusive of costs, interest, and attorney fees.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Plaintiff hereby re-alleges and incorporates individually, every numbered allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

76. Defendant, WHITE's conduct in charging Plaintiff, COLEMAN ROYER, with the murder of his infant daughter, when facts and evidence did not support such a charge, and to the contrary supported that the crime was committed by another individual, was extreme and outrageous.

77. The conduct was intentional or reckless.

78. Defendant, WHITE, has directly and proximately caused Plaintiff, ROYER, severe emotional distress and will cause him to sustain severe emotional distress and damages into the future.

79. Plaintiff's injuries from being accused of murdering his infant daughter, handcuffed, arrested, imprisoned, held in solitary confinement, and cast in a false light, include but are not necessarily limited to:

  a. Severe emotional pain and suffering,

  b. Mental anguish,

  c. Severe emotional distress,

  d. Fright and shock,

  e. Denial of social pleasures, and

  f. Humiliation and mortification.

80. Plaintiff is entitled to be compensated for his injuries in the form of monetary damages, that include but are not necessarily limited to:

  a. Compensation for past, present and future pain and suffering, mental anguish, emotional distress, fright and shock, denial of social pleasures, and humiliation and mortification,

  b. Compensation for medical expenses including psychological and psychiatric treatment; past, present, and future,

  c. Exemplary damages,

  d. Costs, interest, and attorney fees,

  e. Expert witness fees, and,

  f. Any other forms of costs or damages allowed by the laws of the state of Michigan or at common law,

  g. Compensation for any additional injuries or damages that become known throughout the course of this lawsuit.

[INTENTIONALLY LEFT BLANK]

WHEREFORE, Plaintiff, COLEMAN ROYER, respectfully requests Judgment in his favor against Defendants, in an amount deemed fair and just and in excess of seventy-five thousand dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                                                Respectfully Submitted,
                                                ***Fieger, Fieger, Kenney & Harrington, P.C.***

                                                */s/ Milica Filipovic*
                                                JAMES J. HARRINGTON, IV (P65351)
                                                MILICA FILIPOVIC (P80189)
                                                Attorneys for Plaintiff
                                                19390 West 10 Mile Road
                                                Southfield, MI 48075
                                                P: (248) 355-5555 / F: (248) 355-5148
Dated: November 15, 2024              m.filipovic@fiegerlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLEMAN ROYER

    Plaintiff,

Case
Hon.

v.

VALERIE WHITE, individually

    Defendant.

JAMES J. HARRINGTON, IV (P65351)
MILICA FILIPOVIC (P80189)
***Fieger, Fieger, Kenney & Harrington, P.C.***
Attorneys for Plaintiff
19390 West Ten Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555/ F: (248) 355-5148
m.filipovic@fiegerlaw.com

## JURY DEMAND

Plaintiff, COLEMAN ROYER, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., hereby demands a trial by jury.

    Respectfully Submitted,
    ***Fieger, Fieger, Kenney & Harrington, P.C.***

    */s/ Milica Filipovic*
    MILICA FILIPOVIC (P80189)
    Attorneys for Plaintiff
    19390 West 10 Mile Road
    Southfield, MI 48075
    P: (248) 355-5555 / F: (248) 355-5148
Dated: November 15, 2024    m.filipovic@fiegerlaw.com